# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>BRUCE KENTON JEFFERS,<br><br>Defendant. | No. CR 13-3033-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

_____

This case is before me on defendant Bruce Kenton Jeffers's correspondence received January 7, 2019, which I construed as a *pro se* Motion To Reduce Sentence and directed the Clerk of Court to file on February 12, 2019. Jeffers asserts that he was sentenced in this federal case to 108 months of imprisonment, to run concurrently with a sentence on related charges in state court. He contends, however, that when the Bureau of Prisons (BOP) calculated his release date from federal prison, after he completed his sentence on state charges, the BOP did not credit him with "108 good time days from when [he] was in state prison." He states that he "thought running concurrent meant I got my good time from the time I was able to get it." Thus, he argues that his release date should be 108 days earlier than the BOP has calculated. Jeffers is mistaken.

Assuming, for the sake of argument, that Jeffers's Motion To Reduce Sentence is cognizable under either 18 U.S.C. § 3582 or 28 U.S.C. § 2255, I conclude that Jeffers is entitled to no relief. The Judgment in Jeffers's case states that I sentenced him to the custody of the BOP to be imprisoned for a total term of "108 months," as follows:

> This term of imprisonment consists of a 108-month term imposed on Count 1 and a 108-month term imposed on Count 2 of the Indictment, to be served concurrently. It is ordered

> that the Bureau of Prisons reduce the defendant's sentence to provide credit for any time the defendant served as a result of his conviction in the Iowa District Court for Webster County, Case No. FECR346685. The term of imprisonment for the instant federal offense is ordered to run concurrently with the remainder of the undischarged term of imprisonment imposed in Case No. FECR346685 pursuant to U.S.S.G. § 5G1.3(b).

Judgment, 2. This statement of Jeffers's federal sentence gives not the slightest hint of any intent to reduce the time Jeffers would serve on his federal sentence by any "good time days" that he might have earned on his state sentence. Rather, the BOP was directed to reduce Jeffers's federal sentence by the time he had *already* served on his state sentence, as of sentencing on the federal charges, and his federal sentence would thereafter run concurrently with the remainder of his state sentence. The remainder of Jeffers's state sentence was shortened by any "good time days" he earned while in state imprisonment, but upon his release from state custody, he still had to serve whatever time was left on his federal sentence. His remaining federal sentence would be reduced only by "good conduct time" earned pursuant to 18 U.S.C. § 3624(b) or other reductions pursuant to federal law. Jeffers has not shown that he was denied any reduction in his federal sentence that was required by the Judgment in his federal case or by federal law.

THEREFORE,

1. Defendant Bruce Kenton Jeffers's *pro se* Motion To Reduce Sentence (docket no. 114), filed February 12, 2019, is **denied**;

2. To the extent Jeffers's *pro se* Motion To Reduce Sentence might be cognizable as a motion pursuant to 28 U.S.C. § 2255, and I am, consequently, required to consider whether or not to issue a certificate of appealability upon denial of his Motion, I conclude that **no certificate of appealability will issue** for any claim in that Motion. This is so, because Jeffers has failed to make a substantial showing that denial of his Motion is debatable among reasonable jurists, that a court could resolve any of the issues

raised in that Motion differently, or that any question raised in that Motion deserves further proceedings. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS SO ORDERED**.

**DATED** this 13th day of February, 2019.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA